UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS MATTSON,

    Plaintiff,

v.                                    Case No. 09-C-662

LASALLE BANK NATIONAL ASSOCIATION, et al.,

    Defendants.

**ORDER DENYING INJUNCTION**

Plaintiff Thomas Mattson, appearing pro se, has filed a "Motion for Reconsideration, for Appeal and for Injunction", in which he requests that this Court enjoin the sheriff's sale of his property currently scheduled for July 8, 2009. It appears from Mattson's filing that the sheriff's sale was ordered following a Judgment of Foreclosure on Mattson's property entered by the Honorable Mark Hammer who presides in Branch V of the Circuit Court for Brown County, Wisconsin. Mattson alleges that his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, et seq., were violated. Mattson also seeks leave to proceed without payment of fees and/or costs in that he is indigent.

Mattson's petition to proceed without payment of fees or costs is granted. The affidavit filed in support of the petition reveals that he has no income and insufficient assets to pay a filing fee. However, his motion for an injunction is denied, and to the extent his action seeks reconsideration or appeal of a state court's ruling, it is likewise denied.

Under the *Younger* abstention doctrine, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37 (1971);

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). There are three requirements which must be met before a federal court may properly invoke *Younger* abstention: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir.1989). These requirements are met here. First, Mattson is a party to an ongoing state court proceeding. The second requirement is also met. Mattson's complaint requests injunctive and declaratory relief that would nullify Judge Hammer's ruling that the plaintiff in the state court matter is entitled to a judgment of foreclosure on the mortgaged premises. Any relief that could be granted by this court would directly impact Wisconsin's interest in protecting the authority of its judicial system, as the relief would necessarily be predicated on a determination that Judge Hammer's ruling was wrongly decided. Were this court to make this determination, it would in essence be "substitut [ing] itself for the State's appellate courts." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975). Finally, the third prong is met as Wisconsin's appellate courts are an adequate forum for review of Plaintiffs' FDCPA and due process claims.

      A litigant who is dissatisfied with a state court's ruling must appeal within the state court system. Federal district courts do not sit in judgment of state court proceedings. Mattson is also free to assert any claims he has under FDCPA in state court. Since this is the only relief Mattson seeks, his complaint will be summarily dismissed.

      Dated this   7th   day of July, 2009.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge